# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>SEYI AYODELE,<br><br>            Defendant. | No. 1:24-cv-01100-JLT-SKO<br><br><u>FIRST SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HER COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 3)<br><br>THIRTY-DAY DEADLINE |

      Plaintiff Candace Smith, proceeding pro se and *in forma pauperis*, filed a complaint on September 16, 2024. (Doc. 1). Plaintiff filed a document titled "First Amended Complaint" (Doc. 3) on September 17, 2024, which the Court interprets as a supplement to Plaintiff's initial complaint. Upon reviewing the complaint, the Court concludes that it fails to state any cognizable claims.

      Plaintiff has the following options as to how to proceed. She may file an amended

complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that she wants to stand on this complaint and have it reviewed by the presiding district judge, in which the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

### I.  SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that an amendment may cure the complaint's deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of*

*Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

On the first page of the complaint, Plaintiff lists herself as the Plaintiff and Seyi Ayodele as the Defendant. (Doc. 1 at 2). Plaintiff lists addresses in Fresno, California, for both parties. (Doc. 1 at 2). Plaintiff lists the basis for the jurisdiction as "Federal question." (Doc. 1 at 3). Plaintiff indicates the nature of the suit is "personal injury" and "attempted murder." (Doc. 1-1 at 1).

In her complaint, Plaintiff accuses Defendant of various crimes, including robbery, murder, stalking, trespassing, rape, arson, distributing child pornography, and fraud. (Doc. 3 at 1-6). She also accuses Defendant of "spreading and exposing the public" to HIV and "Herpe[s]" at the community hospital where she works. (Doc. 3 at 2). For relief, Plaintiff requests $5 million and the "returning of my belongings." (Doc. 3 at 6).

## III.   DISCUSSION

For the reasons set forth below, the Court finds the complaint does not state any cognizable claims. Plaintiff will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.   Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a

3

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions that plausibly give rise to an entitlement to relief. The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (cleaned up). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "The liberal pleading standard . . . applies only to a plaintiff's factual allegations," not their legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. *Attorneys Trust v. Videotape Computer Prods., Inc.,* 93 F.3d 593, 594–95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either

where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

**B.     Analysis**

Construing the complaint liberally, *Erickson*, 551 U.S. at 94, Plaintiff has failed to allege facts sufficient to support jurisdiction. Plaintiff alleges the Court has federal question jurisdiction, but she does not allege any discernible causes of action arising under the Constitution, laws, or treaties of the United States. To the extent Plaintiff intends to bring claims under the criminal statutes referenced in her complaint, such claims are not cognizable. Plaintiff has provided no authority for a private right of action under the criminal statutes, and they generally do not confer such a right. *See, e.g.*, *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, *N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific federal criminal provisions "provide no basis for civil liability"). To the extent that Plaintiff intends to pursue a claim for bodily harm or property damage against Defendant, such a claim would be a state law claim sounding in tort, not a federal claim.

Plaintiff has also failed to establish diversity jurisdiction. Plaintiff does not allege that the parties' citizenship is completely diverse because according to the complaint, both parties are citizens of California. (Doc. 1). Thus, Plaintiff's complaint does not establish diversity jurisdiction. In sum, Plaintiff has failed to plead a short and plain statement of the claim showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2)

The Court will grant Plaintiff leave to amend her complaint and set forth her claims, to the extent she can. If Plaintiff elects to amend her complaint, she must state the legal basis for the claim and identify how the facts alleged support and show that the defendant committed the

violation asserted as the legal basis for the claim.  Fed. R. Civ. P. 8(a).

**C.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint so she can provide additional factual allegations and cure the pleading defects identified by the Court.  *Lopez*, 203 F.3d at 1130; *Gillespie*, 629 F.2d at 640.

Accordingly, Plaintiff is granted leave to file an amended complaint within thirty days.  Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  The First Amended Complaint must itself allege *all necessary facts* to support a claim for relief; the Court will not consider any previous complaints in its review.  The amended complaint should be clearly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if she can allege facts sufficient to support a claim.  If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may choose to stand on her complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal.

## IV.     ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint;
    b. Notify the Court in writing that she wishes to stand on this complaint; or
    c. File a notice of voluntary dismissal.

6


2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:24-cv-01100-JLT-SKO. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **October 1, 2024**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE