**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDACE SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>SEYI AYODELE,<br><br>        Defendant. | No. 1:24-cv-01100-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>(Doc. 6)<br><br>**21-DAY DEADLINE** |

## I.    INTRODUCTION

**A.    Background**

Plaintiff Candace Smith, proceeding pro se and *in forma pauperis*, filed a civil complaint on September 16, 2024. (Docs. 1, 4.) Plaintiff filed a document titled "First Amended Complaint" (Doc. 3) on September 17, 2024, which the Court interpreted as a supplement to Plaintiff's initial complaint (*see* Doc. 5).

On October 1, 2024, the undersigned screened the initial complaint, found that it failed to state any cognizable claims, and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 5.) On October 22, 2024, Plaintiff timely filed an amended complaint, which is before the Court for screening. (Doc. 6.)

After screening Plaintiff's amended complaint, the undersigned finds that despite the explicit recitation of the deficiencies of the initial complaint, Plaintiff has failed to plead any cognizable claims sufficient to state a basis for federal jurisdiction. Accordingly, the undersigned recommends that Plaintiff's amended complaint be dismissed without prejudice and without leave to amend.

**B.      Screening Requirement and Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**C.      Summary of the Complaint**

Plaintiff prepared her amended complaint using the general complaint form provided by this Court. The complaint lists Seyi Ayodale as the defendant. (Doc. 6 at 1, 2.) In the section titled "Basis for Jurisdiction," "Federal question" is selected. (*Id.* at 3.) In the section eliciting "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in the case," Plaintiff responds, "violation of my civil rights." (*Id.* 4.) The "Amount in

Controversy" is listed as "Undisclosed. She got paid 5 million from a star singer selling my phone's music & pictures." (*Id*. at 5.)

In the "Statement of Claim" section of the amended complaint, Plaintiff writes:

> Seyi Ayodele has attempted to murder myself & has murder [*sic*] my mother. She is a killer serial killer & set to murder many w/c her drug cocktail. Violated of civil order and rights a Nigerian Terrorist. Upon such the complaint is sighting that Seyi Ayodele formed a mafia to commence an [*sic*] robbery & attack against Candace Smith a teacher/nurse/musician in order to rob and sell off Candace Smith [*sic*] things. Violating America's trust and Candace Smith [*sic*] civil rights. The claim involves medical and psychological damages after Mercy enter [*sic*] hotel at University Square Hotel & drugged Plaintiff with a killer cocktail of meth, cocaine, and heroin.

(Doc. 1 at 5.) As for the relief sought, Plaintiff writes, "The Plaintiff is asking for return of stolen items from home & monetary & future medical payments associated w/c her killing my disabled mother." (*Id*. at 6.)

The Civil Cover Sheet, filed with the original complaint, lists the nature of suit as "Other Personal Injury," and the cause of action is described as "personal injury attempted murder." (Doc. 1-1.)

**D.     Pleading Requirements Under Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted

as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* litigants liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not their legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## II.      DISCUSSION

### A.      Plaintiff Has Not Pleaded Any Cognizable Basis for Federal Court Jurisdiction

#### 1.      Legal Standard

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule."

4

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*

Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens of a State or of different States."

This Court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties (*id.*), and must dismiss an action over which it lacks jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").  The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear their claim(s).  *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

**2.   Analysis**

Plaintiff seeks to assert a claim for "violation of [her] civil rights."  (Doc. 6 at 4.)  Title 42 U.S.C. § 1983 is the "mechanism for plaintiffs to vindicate their federal civil rights through federal law."  *Hogan v. Robinson*, No. CIV-F-03-6408-AWI-LJO, 2005 WL 8176432, at *8 (E.D. Cal. Jan. 31, 2005).  To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived them of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").

With regard to the first element, private parties are not generally acting under color of state law for the purposes of Section 1983.  *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by

limiting the reach of federal law and federal judicial power.  It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982)).  There exist, however, some circumstances in which the actions of a private actor may render that actor liable under section 1983.  *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (*en banc*).  Specifically, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar*, 457 U.S. at 937.  Here, Defendant Seyi Ayodale is a private party, and Plaintiff fails to allege facts to support a finding that they have acted such that their conduct is "fairly attributable" to the government.  Accordingly, Plaintiff has failed to state a cognizable Section 1983 claim.

To the extent Plaintiff attempts to bring a claim for "attempted murder" or "robbery" (Doc. 6 at 5; Doc. 1-1), "such criminal claims may not be pursued in a civil lawsuit." *Grimes v. A1-Auto Care*, No. 21-cv-02093-LL-BLM, 2022 WL 959273, at *3 (S.D. Cal. Mar. 30, 2022).  *See United States v. Duran*, 41 F.3d 540, 544 (9th Cir. 1994) ("If the prosecutor has probable cause to believe a defendant committed a crime, the decision of whether to prosecute and the charges to be filed rests with the prosecutor.").  To the extent that Plaintiff intends to pursue a claim for "personal injury" against Defendant (Doc. 6 at 5; Doc. 1-1), such a claim would be a state law claim sounding in tort—not a federal claim.  In sum, Plaintiff has not articulated any cognizable federal claim over which this Court may assert federal question jurisdiction under 28 U.S.C. § 1331.

Although not alleged as a basis for jurisdiction in the amended complaint, the undersigned further determines whether there is complete diversity between the parties to invoke jurisdiction to hear any state law claims.  In the Civil Cover Sheet, Plaintiff indicates she and Defendant are both citizens of Fresno (Doc. 1-1), which is in the State of California.  Since Plaintiff and Defendant are citizens of the same state, complete diversity is lacking, and Plaintiff cannot proceed in federal court based on diversity jurisdiction under 28 U.S.C. § 1332. *Garcia-Cardenas v. Immigration Legal Servs., APC*, No. 1:13-CV-01065-AWI, 2013 WL 4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of the defendants)).  Because there is no subject matter jurisdiction, the undersigned must

recommend dismissal.

**B.     Leave to Amend Would Be Futile**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). If it is clear after careful consideration that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); *accord Lopez*, 203 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Further amendment is not appropriate in this case. Like the initial complaint, the amended complaint has not set forth any cognizable federal claim, and there is no diversity jurisdiction over any state law claim due to a lack of complete diversity of citizenship. When dismissing the initial complaint, the undersigned advised Plaintiff could file an amended complaint if she believed that she could set forth a basis for subject matter jurisdiction and allege cognizable claims. (*See* Doc. 5 at 6.) Plaintiff has repeatedly demonstrated that she is unable to plead facts invoking the Court's jurisdiction. Thus, the undersigned declines to give any further leave to amend and recommends that the action be dismissed without prejudice.

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's amended complaint be dismissed without prejudice and without leave to amend.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendation**, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d