UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEYI AYODALE,<br><br>　　　　Defendant. | Case No.: 1:24-cv-1100 JLT SKO<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE, DENYING PLAINTIFF'S REQUEST TO CHANGE MAGISTRATE JUDGE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 9 & 11) |

Candace Smith seeks to hold Seyi Ayodale liable for "personal injury attempted murder" under federal law. (*See* Doc. 6 at 3–6; Doc. 1-1.) Because Plaintiff is proceeding *in forma pauperis,* the magistrate judge screened Plaintiff's complaints pursuant to 28 U.S.C. § 1915(e)(2). (Docs. 5, 9.)

Upon screening the initial complaint (Doc. 1), the magistrate found Plaintiff failed to state any cognizable claims and granted leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 5.) Plaintiff timely filed an amended complaint (Doc. 6), which the magistrate judge screened. (Doc. 9.)

The magistrate judge noted that despite the explicit recitation of the deficiencies of the initial complaint, Plaintiff failed to plead any cognizable claims sufficient to state a basis for federal jurisdiction. Specifically, the magistrate judge found that Plaintiff failed to state a cognizable claim under 42 U.S.C. § 1983 claim against a private party and, to the extent Plaintiff attempted to bring a claim for "attempted murder" or "robbery," "such criminal claims may not be pursued in a civil

1

lawsuit." (Doc. 9 at 5–6.) In addition, although not alleged as a basis for jurisdiction in the amended complaint, the magistrate judge found there is not complete diversity between the parties, because "[i]n the Civil Cover Sheet, Plaintiff indicates she and Defendant are both citizens of Fresno, which is in the State of California." (*Id.* at 6, citing Doc. 1-1.) Thus, the magistrate judge concluded the Court lacks subject matter jurisdiction and diversity jurisdiction over the action. (*Id.*) The magistrate judge determined that amendment would be futile because "Plaintiff has repeatedly demonstrated that she is unable to plead facts invoking the Court's jurisdiction." (*Id.*) Consequently, the magistrate judge recommended the action be dismissed without prejudice and without leave to amend. (*Id.*)

On December 3, 2024, Plaintiff timely filed objections to the Findings and Recommendations. (Doc. 10.) Plaintiff asserts that Defendant has "poisoned" the community because she herself as the plaintiff, stole Plaintiff's child from a hospital in 2005, committed murder, and pretended to be "a mistress to a married cop." (*Id.* at 1.) Plaintiff contends Defendant also engaged in harassment by "sending pornographic materials to [Plaintiff] & married men." (*Id.* at 2.) Plaintiff requests the Court consider this behavior in the matter. (*Id.*) In addition, Plaintiff filed a "Request to Change Magistrate" asserting that both the assigned district judge and magistrate judge are being biased. (Doc. 11 at 1.)

Plaintiff does not address the specific findings of the magistrate judge related to her failure to allege cognizable a cause of action under federal law. Although Plaintiff alleges several violations of criminal law, she does not identify any provision that would invoke this Court's subject matter jurisdiction. Criminal statutes do not provide basis for a civil lawsuit such as Plaintiff attempts to bring in the matter pending before the Court. *See*, *e.g.*, *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of a plaintiff's claims because "criminal statutes that do not give rise to civil liability"); *Pawelek v. Paramount Studios Corp.*, 571 F.Supp. 1082, 1083 (N.D. Ill. 1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations). Rather when a criminal statute is violated, the question of whether to prosecute is a matter of a prosecutor's discretion and is not a matter for the Court. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979)

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendation are supported by the record and proper analysis. Furthermore, the Court denies

2

Plaintiff's "Request to Change Magistrate" because Plaintiff fails to allege facts that would support the contention that either the magistrate judge or district judge exhibited bias and prejudice towards Plaintiff.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Jensen v. Santa Clara County*, 32 Fed. App'x 203, 206 (9th Cir. 2002) (mere allegations of a plaintiff that trial judge had a bias was not enough to support judge's recusal where plaintiff's complaint had no support in the record); *Saddozai v. Carwithen*, 2022 WL 6584457, at *1 (N.D. Cal. Sept. 21, 2022) ("Plaintiff's assertions regarding personal bias and prejudice are simply conclusory.  The Court does not have nor has ever expressed any 'discriminatory animus' against Plaintiff based on his poverty, imprisonment, or race, and no improper remarks have ever been made showing lack of impartiality").  Indeed, the district judge has not taken any action in this matter until performing this *de novo* review of the Findings and Recommendations. To the extent Plaintiff's assertion of bias is based upon rulings of the Court—such as the magistrate judge's recommendation of dismissal—such "is not an adequate basis for recusal." *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999); *see also United States v. Johnson,* 610 F.3d 1138, 1148 (9th Cir. 2010) ("Adverse findings do not equate to bias.")  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated November 8, 2024 (Doc. 9) are **ADOPTED** in full.
2. Plaintiff's complaint is **DISMISSED** without prejudice for lack of jurisdiction.
3. Leave to amend is **DENIED** as futile.
4. Plaintiff's "Request to Change Magistrate" (Doc. 11) is **DENIED**.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:     **December 22, 2024**

UNITED STATES DISTRICT JUDGE

3